IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. JAMES, | ) | No. C 05-1811 JSW (PR) |
| Plaintiff, | ) ) | **ORDER SERVING DELIBERATE INDIFFERENCE CLAIM AND DENYING AS MOOT MOTION TO PROCEED** *IN FORMA PAUPERIS* |
| v. | ) ) | |
| DONALD C. POMPAN, M.D., ET AL., | ) ) | |
| Defendants. | ) | (Docket no. 3) |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at Calipatria State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California. In an order dated July 28, 2004, Magistrate Judge Beck granted Plaintiff leave to proceed *in forma pauperis*. In an order dated February 17, 2005, Magistrate Judge Beck found that Plaintiff stated cognizable claims for relief against Defendants at Salinas Valley State Prison (SVSP) for deliberate indifference to Plaintiff's serious medical needs. Because SVSP is located in the Northern District, Magistrate Judge Beck recommended transfer of the complaint. On April 20, 2005, Judge Ishi adopted the findings and recommendations in full. The case was received in this district on May 2, 2005.

## STATEMENT OF FACTS

Plaintiff complains about the medical treatment he received while incarcerated at SVSP in 2002. Because Judge Ishi adopted Magistrate Judge Beck's findings and recommendations that Plaintiff's allegations state a cognizable claim for relief, the Court

1  repeats the facts as found by Magistrate Judge Beck.

2  Plaintiff brings this action against Dr. Pompan, Dr. Bowman, Dr. Helmer, Dr.
3  Thor, M. Golin, correctional officer Burn, correctional officer Fernandez, correctional
4  officer Hernandez and correctional lieutenant Rankin, of SVSP.  Plaintiff was transferred
5  from Pleasant Valley State Prison to SVSP in January of 2002.  Plaintiff was treated for a
6  dislocated shoulder in March of 2002.  On July 23, 2002, Dr. Pompan performed surgery
7  on Plaintiff's shoulder.  Plaintiff's shoulder was to remain elevated and immobilized for a
8  week, Plaintiff was prescribed Vicodin for pain, and follow-up physical therapy was
9  recommended.  Plaintiff alleges that Defendant correctional lieutenant Burns was
10 responsible for ensuring that he received post-operative care at SVSP.  When Plaintiff
11 was returned to his cell on July 23, 2002, the same day as the surgery, his surgical wound
12 began bleeding and he experienced pain.  After some delay, Defendant correctional
13 officers Fernandez and Hernandez responded to Plaintiff's calls for help and took him to
14 the prison infirmary in a wheelchair.  Plaintiff alleges that at the infirmary, medical staff
15 refused to provide post-surgical medical treatment, specifically, they refused to take
16 measures to stop Plaintiff's bleeding, provide dressing for the surgical wound, or provide
17 Plaintiff with prescribed pain medication.  Plaintiff does not name the individual medical
18 staff who allegedly refused to provide this medical treatment.  Plaintiff alleges that
19 Defendant correctional lieutenant Rankin knew that he had not received medical care, yet
20 ordered Plaintiff to be returned to his cell.  Plaintiff alleges Drs. Helmer and Bowman
21 were both notified and did nothing.

22 On July 24 and 25, 2002, Plaintiff again sought medical attention from
23 unidentified staff at SVSP for his bleeding and pain, without result.  On July 26, 2002,
24 unidentified medical staff provided Plaintiff with Tylenol 3 for pain, which Plaintiff
25 claims was insufficient to control the pain.  On July 27, 28, and 30, 2002, Plaintiff sought
26 medical care for continued bleeding, a sterile dressing for his surgical wound, and pain

27
28

2

medication, "all without result." On August 6, 2002, Plaintiff sought and received a sterile dressing of the surgical wound from medical staff. Also on August 6, 2002, and every two weeks thereafter, Plaintiff requested physical therapy, as this was part of his post-surgical treatment plan. Plaintiff alleges that Drs. Pompan, Thor, Posner, Bowman and Helmer were responsible for seeing that he received post-surgical treatment and physical therapy at SVSP.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

As found by Magistrate Judge Beck, Plaintiff alleges that medical staff at SVSP failed to provide immediate post-surgical treatment that was ordered by the surgeon. Plaintiff also alleges the failure to stop profuse post-surgical bleeding, the failure to provide sterile dressing for the surgical wound, and failure to administer pain medication. Plaintiff alleges that this resulted in chronic severe pain, loss of range of motion, loss of strength, loss of musculature, loss of sensation, and permanent disability.  While Plaintiff has not named the individual medical staff members who denied treatment, the allegations state a claim for deliberate indifference to serous medical needs.  To the

extent that named Defendants Dr. Pompan, Dr. Bowman, Dr. Helmer, Dr. Thor, M. Golin, correctional officer Burn, correctional officer Fernandez, correctional officer Hernandez and correctional lieutenant Rankin were aware of the denial of treatment and failed to take action, Plaintiff states a colorable claim against these Defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED as moot, because Plaintiff was previously granted *in forma pauperis* status in the Eastern District. (Docket no. 3.)

2. Plaintiff states a cognizable claim of deliberate indifference against Salinas Valley State Prison Defendants Dr. Pompan, Dr. Bowman, Dr. Helmer, Dr. Thor, M. Golin, correctional officer Burn, correctional officer Fernandez, correctional officer Hernandez and correctional lieutenant Rankin. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon: **Dr. Pompan, Dr. Bowman, Dr. Helmer, Dr. Thor, M. Golin, correctional officer Burn, correctional officer Fernandez, correctional officer Hernandez and correctional lieutenant Rankin, Salinas Valley State Prison, P. O. Box 1020, Soledad, California, 93960-1020**. The Clerk shall also serve a copy of this order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendants' motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is

due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 23, 2005

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge