IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD C. POMPAN, M.D., ET AL.,<br><br>    Defendants.<br>_____ | No. C 05-1811 JSW (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS AND INSTRUCTIONS TO THE CLERK**<br><br>**(Docket nos. 6, 24, 28, 35, 38)** |

    Plaintiff, a prisoner of the State of California currently incarcerated at Calipatria State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California. In an order dated February 17, 2005, Magistrate Judge Beck found that Plaintiff stated cognizable claims for relief against Defendants at Salinas Valley State Prison (SVSP) for deliberate indifference to Plaintiff's serious medical needs. On April 20, 2005, Eastern District Judge Ishi adopted the findings and recommendations in full and transferred the case to this Court. The case was received in this district on May 2, 2005.

    On December 23, 2005, this Court ordered service of these claims on Defendants Pompan, Bowman, Helmer, Thor, M. Golin, Burn, Fernandez, Hernandez and Rankin (docket no. 5). Several days after this Court issued the order of service and likely before he received a copy of the order, Plaintiff filed a motion seeking service of the complaint on Defendants by the U.S. Marshal (docket no. 6). Because the Court has already ordered service in this case

(docket no. 5), Plaintiff's motion is DENIED as moot (docket no. 6).

However, this Court has reviewed the service of the multiple Defendants in this case. It appears that all Defendants other than Burn, Golin and Hernandez have acknowledged service (see, docket no. 13). It also appears that Defendant Hernandez may not have been served, as the Marshal's Office has notified this Court that duplicative summonses issued for Defendant Fernandez were received by the prison (docket no. 9) and no summons directed to Hernandez appears in the Court file. The United States Marshal has further notified the Court that neither Defendant Burn nor Defendant Golin could be served without further identifying information, as the prison indicated to them that there is no record of that individual at Salinas Valley State Prison (docket nos. 7-8).

Defendants have filed a motion for summary judgment (docket no. 16). In the motion, Defendants allege that no violation of the Eighth Amendment occurred and that Defendants maintain qualified immunity from liability. After this Court issued an earlier order clarifying an earlier order that notified Plaintiff that he was free to conduct discovery and extending his time to respond to the summary judgment motion (docket no. 23), Defendants filed a motion for a protective order, seeking to stay discovery until this Court has resolved the summary judgment motion involving the qualified immunity defense (docket no. 24). Thereafter, Plaintiff filed a motion to compel production of documents and discovery (docket no. 28).

After a careful review of the record, the Court concludes that a stay is in order as to all discovery other than any identifying information necessary for Plaintiff to comply with the Court's order regarding service of the unserved Defendants as set for below. It is well settled that a stay of discovery should be granted until the threshold question of qualified immunity is decided. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Id.* at 597-98. Accordingly, Defendants' request for a stay of discovery is GRANTED in part (docket no. 24) and Plaintiff's

motion to compel discovery is DENIED without prejudice (docket no. 28).

The stay will remain in effect until the Court issues an Order deciding the question of qualified immunity. If the Court denies qualified immunity, the stay will be lifted and the parties will have the opportunity to engage in discovery and to file supplemental pleadings with respect to any remaining grounds for summary judgment.

The Court is mindful that its stay on discovery will require some relaxation of the ordinary rules of admissibility of evidence as to affidavits which may be used to oppose summary judgment here. S*ee DiMartini v Ferrin*, 889 F.2d 922, 926-27 (9th Cir. 1989), *amended*, 906 F.2d 465 (9th Cir. 1990), *cert. denied*, 501 U.S. 1204 (1991). Plaintiff is advised, however, that merely asserting the need for discovery in his opposition papers will not defeat summary judgment. At minimum, Plaintiff must comport with Federal Rule of Civil Procedure 56(f) and, by affidavit filed in conjunction with his opposition, show what particular facts he expects to discover and how those facts would preclude summary judgment. *See Mackey v. Pioneer Nat'l Bank*, 867 F2d 520, 523-24 (9th Cir 1989). Because Plaintiff has already filed an opposition to the summary judgment motion, the Court will now provide Plaintiff with thirty days in which to file any supplemental response to Defendants' motion.

Plaintiff has also filed a motion seeking recusal of the undersigned (docket no. 35), based on several errors he contends this Court made in ruling on his previously decided habeas corpus petition (Case No. C 02-4606 JSW (PR)). Plaintiff contends that these legal errors reflect this Court's bias toward him. However, it is well-settled that actions taken by a judge during the normal course of the proceedings are not a proper ground for disqualification. *See United States v Scholl*, 166 F3d 964, 977 (9th Cir 1999) (judge properly denied motion for disqualification based on her prior service as prosecutor without supervisory position over defendant's case). A ruling adverse to Plaintiff does not established bias or that recusal is required. As such, the motion is DENIED (docket no. 35).

Plaintiff has also filed a motion seeking judicial notice of his first "supplementation of his response to the summary judgment motion." Petitioner asks the Court to consider the supplemental documentation in opposition to the summary judgment motion. The motion is

3

1  GRANTED (docket no. 38).

2  With regard to service on heretofore unserved Defendants Burn, Golin and Hernandez,
3  the Marshal has informed the Court on the Process Receipt and Return that he has been unable
4  to locate them.  Federal Rule of Civil Procedure 4(m) contemplates that service of process
5  normally will be accomplished within four months of the filing of the complaint.  Although the
6  Court can have the Marshal serve process on a given defendant, it is Plaintiff's responsibility
7  to provide a full name and proper address for each defendant to be served.

8  At a minimum, Plaintiff must provide a properly spelled last name and first initial of
9  each unserved Defendant.  Plaintiff has provided this minimal identifying information only as
10 to Defendant Golin, but the Court has no way to determine whether that information is correct.
11 Plaintiff must promptly and diligently provide the Court with additional identifying
12 information necessary for the United States Marshal to make a further attempt at service as to
13 Defendants Golin, Burns and Hernandez.  Plaintiff must provide the Court with a
14 supplemental pleading no later than thirty (30) days from the date of this order.  The failure to
15 do so will result in the dismissal of these defendants from this action.  The Clerk shall
16 terminate all pending motions as decided by this order.

17 IT IS SO ORDERED.

18 DATED: September 29, 2006

19
20                                              JEFFREY S. WHITE
                                                United States District Judge